# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| THOMAS KILLIAN, <br>     PLAINTIFF, <br><br> v. <br><br> COMPATTIA ROCCIA MANAGEMENT GROUP, LLC <br> NATIONAL CREDIT ADJUSTERS, LLC, and <br> LEXON INSURANCE COMPANY, <br>     DEFENDANTS | Case No. 4:21-cv-116 |

## COMPLAINT AND JURY DEMAND

## JURISDICTION AND VENUE

1. This action arises out of violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., and Tex. Fin. Code § 392.001, et seq. by Compattia Roccia Management Group, LLC ("CRMG") and National Credit Adjusters, LLC ("NCA").

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that Plaintiff resides in this District and a substantial portion of the acts giving rise to this action occurred in this District and CRMG does business in this District.

## PARTIES

5. Plaintiff, Thomas Killian ("Plaintiff"), is an adult individual residing in Denton County, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

6. CRMG is a business entity operating from the Buffalo, New York area.

7. CRMG is not registered to do business in Texas, but can be served in New York via its registered agent, United States Corporation Agents Inc, at 7014 13th Avenue, Suite 202, Brooklyn, NY 11228 or as permitted by Texas or New York law.

8. CRMG's website (www.crmgllc.us/#about_us) (last visited February 5, 2021) states the following:

> CRMG, LLC strives to provide first class technology solutions that empower consumers to manage their accounts online, without the pressure of collection calls, sales calls or any commission based employee interactions. It is our passion to provide a stress-free online experience that incorporates dynamic options that facilitate the amicable resolution of any account or sales relantionship [sic.] with a new company of thier [sic.] choice.

9. The principal purpose of CRMG is the collection of debts using the mails and telephone and other means.

10. CRMG regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

11. CRMG is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

12. Defendant Lexon Insurance Company ("Lexon") is the surety company for the bond NCA has on file with the Texas Secretary of State, bond number 1160083.  Lexon is liable for acts committed by NCA pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, as well as any other applicable law.

13. Lexon is a foreign entity that can be served in the state of Texas via its registered agent, Jay A Thompson, at 701 Brazos St, Ste 1500, Austin, TX 78701.

## FACTUAL ALLEGATIONS

14. At some time in the past, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on a personal account (hereinafter the "Account"). Specifically, Plaintiff believes the Account was a debt on an old payday loan issued by ACE Cash Express, the funds from which were used for personal purposes and not business or commercial purposes.

15. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

16. After the Account went into default with the original creditor, the Account was sold to NCA for collection.

17. After NCA obtained the Account, the Account was sold to, transferred to, or otherwise placed with CRMG for collection.

18. Plaintiff admits the existence of the account, but disputes the amount NCA and CRMG attempted to collect from him.

19. Plaintiff requests that NCA and CRMG cease all further communications regarding the Account.

20. In the one year prior to the filing of this lawsuit, Plaintiff received collection calls from NCA and CRMG.

21. The first communication came from NCA when it left a voicemail for Plaintiff which stated:

> We have an important message from National Credit Adjusters. This is a call from a debt collector. Please call us at (844) 534-3009. Extension 1149. Thank you

22. On information and belief, after NCA left the above-described voicemail, it hired CRMG to make attempts to collect the Account from Plaintiff.

23. CRMG thereafter left a voicemail for Plaintiff which stated:

> This call is for Thomas Killian. My name is Hank Schmidt at CRMG you logged into our online portal to claim your settlement for the ACE Cash Express account, but the settlement was never finalized. This personalized settlement offer expires in two business days if the payment plan is not arranged. Please keep in mind, we are not obligated to renew this offer. Please give me a call as soon as possible. You can reach me at (916) 776-6696.

24. CRMG left another voicemail for Plaintiff which stated:

> Uh, Thomas Killian, my name is Jordan Parker, director of mediation services here with C R M G. I have received the notice that you logged into your online payment portal, but never claimed your settlement for the ACE Cash Express account. Uh, please give me a call back as soon as possible before the settlement expires as we are not obligated to renew this offer. My direct number is (916) 776-6696. Again, that number is (916) 776-6696. Thank you.

25. CRMG left another voicemail for Plaintiff which stated:

> This is a final notice for Thomas Kilian. My name is Hank Schmidt from CRMG. You logged into our online portal to claim your settlement for the ACE Cash Express account, but this settlement was never finalized. This personalized settlement offer expires in two business days. If the payment plan is not arranged, please keep in mind we are not obligated to renew this offer. Please give me a call as soon as possible. I can be reached at (916) 776-6696.

26. In a live call with CRMG after receiving the above voicemails, CRMG made the following statement:

> We actually bought [the account].  [ACE Cash Express] didn't sell it, we bought it. They lend over the rights to actually sue the account just as they would, but they don't go the extra mile.  They're too busy marking loans if you will.  So now it's in our possession. So we do have the right to go ahead and take care of that.

27. In the same live call described above, CRMG told Plaintiff that CRMG was bonded to collect debts in Texas.

28. CRMG's employee made a false and deceptive and misleading statement when CRMG's employee described himself as the "director of mediation services."

29. CRMG made another false and deceptive and misleading statement when it stated directly or implied to Plaintiff in the live call that it would sue Plaintiff on the Account as CRMG did not have the right to sue Plaintiff or the present intention of suing Plaintiff.

30. CRMG also made a false and deceptive and misleading statement when it stated that it was bonded to collect debts in Texas because it did not, in fact, have a surety bond on file with the Texas Secretary of State as required by law.

31. NCA never provided notice of Plaintiff's rights to request validation of, or to dispute, the Account.

32. CRMG never provided notice of Plaintiff's rights to request validation of, or to dispute, the Account.

33. In one or more communication with Plaintiff, CRMG failed to inform Plaintiff that it was a debt collector and/or that it was attempting to collect a debt and/or that any information obtained from Plaintiff would be used for the purpose of debt collection.

34. In one or more communication with Plaintiff, CRMG failed to provide meaningful disclosure of its identity.

35. The telephone calls described above each constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

36. The only reason that CRMG and/or NCA and/or their respective representative(s), employee(s) and/or agent(s) spoke with Plaintiff was to attempt to collect the Account.

37. The statements and actions of CRMG and/or NCA and their respective representative(s), employee(s) and/or agent(s) constitute illegal communication in connection with debt collection.

38. All of the conduct by CRMG and/or NCA and/or their respective employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully.

39. As a consequence of CRMG's and/or NCA's collection activities and communication(s), Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a).

40. On information and belief, NCA knew that CRMG did not have a surety bond on file with the Texas Secretary of State when it hired CRMG to collect the Account and thus knew that CRMG would act in a manner in violation of the Texas Finance Code when attempting to collect from Plaintiff.

## RESPONDEAT SUPERIOR

41. The representative(s) and/or collector(s) at CRMG and/or NCA were employee(s) and/or agents of CRMG and/or NCA at all times mentioned herein.

42. The representative(s) and/or collector(s) at CRMG and/or NCA were acting within the course and/or scope of their employment at all times mentioned herein.

43. The representative(s) and/or collector(s) at CRMG and/or NCA were under the direct supervision and control of CRMG and/or NCA at all times mentioned herein.

44. The actions of the representative(s) and/or collector(s) at CRMG and/or NCA are imputed to their respective employer.

## COUNT I: VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY COMPATTIA ROCCIA MANAGEMENT GROUP, LLC

45. The previous paragraphs are incorporated into this Count as if set forth in full.

46. The act(s) and omission(s) of CRMG and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692d generally and §1692d(6) and15 U.S.C § 1692e generally and §1692e(2)&(3)&(5)&(8)&(10)&(11) and  15 U.S.C. § 1692g.

47. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from CRMG.

## COUNT II:  VIOLATIONS OF THE TEXAS FINANCE CODE BY COMPATTIA ROCCIA MANAGEMENT GROUP, LLC

48. The previous paragraphs are incorporated into this Count as if set forth in full.

49. The act(s) and omission(s) of CRMG and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code § 392.101 and Tex. Fin. Code §392.304(a)(5)&(8)& (14)&(16)&(17)&(19).

50. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks statutory damages, actual damages, injunctive relief, and reasonable attorney's fees and costs from CRMG.

## COUNT III:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY NATIONAL CREDIT ADJUSTERS, LLC

51. The previous paragraphs are incorporated into this Count as if set forth in full.

52. By controlling and/or profiting from the actions and/or omissions of CRMG, NCA and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692d generally and §1692d(6) and15 U.S.C § 1692e generally and §1692e(2)&(3)&(5)& (8)&(10)&(11) and 15 U.S.C. § 1692g.

53. By its own acts or omissions, NCA and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692g.

54. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from NCA.

## COUNT IV: VIOLATIONS OF THE TEXAS FINANCE CODE BY NATIONAL CREDIT ADJUSTERS, LLC

55. The previous paragraphs are incorporated into this Count as if set forth in full.

56. By controlling and/or profiting from the actions and/or omissions of CRMG, NCA and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code § 392.101 and Tex. Fin. Code §392.304(a)(5)&(8)&(14)&(16)&(17)&(19).

57. By its own acts or omissions, NCA and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code § 392.101 and Tex. Fin. Code §392.306.

58. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks statutory damages, actual damages, injunctive relief, and reasonable attorney's fees and costs from NCA.

## COUNT V: IMPUTED LIABILITY OF LEXON INSURANCE COMPANY FOR LIABILITY OF NATIONAL CREDIT ADJUSTERS, LLC

59. The previous paragraphs are incorporated into this Count as if set forth in full.

60. The act(s) and omission(s) of NCA and their representative(s), employee(s) and/or agent(s) in violation of Tex. Fin. Code § 392.101 and Tex. Fin. Code §392.304(a)(5)&(8)&(14)&(16)&(17)&(19) and §392.306 are imputed to Lexon pursuant to Tex. Fin. Code § 392.102.

61. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks statutory damages, actual damages, injunctive relief, and reasonable attorney's fees and costs from Lexon.

## JURY TRIAL DEMAND

62. Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following:

63. Judgment in favor of Plaintiff and against CRMG as follows:

    a. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    b. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

    c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    d. Actual damages pursuant to Tex. Fin. Code § 392.403(a)(2);

    e. An injunction permanently enjoining CRMG following trial of this cause from committing acts in violation of the Texas Finance Code as cited herein pursuant to Tex. Fin. Code § 392.403(a)(1);

    f. Reasonable attorneys fees and costs pursuant to Tex. Fin. Code § 392.403; and

    g. Such other and further relief as the Court deems just and proper.

64. Judgment in favor of Plaintiff and against NCA as follows:

    a. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    b. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

    c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    d. Actual damages pursuant to Tex. Fin. Code § 392.403(a)(2);

    e. An injunction permanently enjoining CRMG following trial of this cause from committing acts in violation of the Texas Finance Code as cited herein pursuant to Tex. Fin. Code § 392.403(a)(1);

    f. Reasonable attorneys fees and costs pursuant to Tex. Fin. Code § 392.403; and

    g. Such other and further relief as the Court deems just and proper.

65. Judgment in favor of Plaintiff and against Lexon as follows:

    a.   Actual damages pursuant to Tex. Fin. Code § 392.403(a)(2);

    b.   Reasonable attorneys fees and costs pursuant to Tex. Fin. Code § 392.403; and

    c.   Such other and further relief as the Court deems just and proper.

                              Respectfully submitted,

                              /s/ Jeffrey D. Wood
                              Jeffrey D. Wood, Esq.
                              ArkBN: 2006164
                              The Wood Firm, PLLC
                              11610 Pleasant Ridge Rd.
                              Suite 103 – Box 208
                              Little Rock, AR  72223
                              TEL:  682-651-7599
                              FAX:  888-598-9022
                              EMAIL:  jeff@jeffwoodlaw.com
                              *Attorney for Plaintiff*